**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. STOCKMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD FOULK, Executive<br>Director, Napa State Hospital,<br><br>    Defendant.<br>_____ | No. C 09-3453 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

On July 27, 2009, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding pro se, filed the above titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). Good cause appearing, such leave will be granted.[1]

**DISCUSSION**

A.   Standard of Review

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at

---

[1] As plaintiff is not a prisoner within the meaning of 28 U.S.C. § 1915, the entire filing fee will be waived and plaintiff will not be required to pay the fee by way of monthly installments, unlike prisoners who must do so under 28 U.S.C. § 1915(b). See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (holding financial reporting and filing fee requirements of 28 U.S.C. § 1915(a)(2) and (b) apply only to "prisoners," i.e., individuals who, at time of filing civil action, are detained as result of being accused of, convicted of, or sentenced for criminal offense); see also United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) (holding insanity acquittee not prisoner in custody under sentence).

any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claim

Plaintiff alleges he has been denied his right to a restoration of sanity trial pursuant to California Penal Code section 1026.2. In particular, plaintiff maintains that he has been denied a restoration of sanity trial even though he has met the prerequisites for such, specifically, his participation in an outpatient conditional release program for at least one year. See Cal. Pen. Code § 1026.2(e) (providing applicant for restoration of sanity determination not eligible for restoration of sanity trial until superior court finds applicant eligible for participation in conditional release program and applicant has attended program for at least one year) and § 1026.2(f) (providing applicant who has been on outpatient status for one year or longer is deemed to have completed conditional release program, and restoration of sanity trial must be held). Plaintiff alleges he previously spent four years in an outpatient conditional release program and that there is no statutory requirement that he currently be participating in such a program in order to be granted a restoration of sanity trial. Plaintiff has attached to his complaint documents indicating he pursued such claim by way of state habeas corpus through the state courts, including the California Supreme Court, and that the claim was denied at all levels of state review. Plaintiff seeks injunctive relief in the form of a restoration of sanity trial to determine his eligibility for release.

A confined individual who does not seek immediate release may pursue by way of 42 U.S.C. § 1983 a claim of entitlement to a hearing to determine his eligibility for release. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (holding claim cognizable under § 1983 where

2

inmate challenges constitutional validity of state procedures used to deny parole eligibility or parole suitability but seeks injunctive relief in the form of earlier eligibility review or parole hearing rather than early release); see also Hartman v. Summers, 878 F. Supp. 1335, 1348-49 (C.D. Cal. 1995) (holding petitioner's claim that California's conditional release program denies insanity acquittees due process goes not to fact or duration of confinement but to fairness of decision-making process and, consequently, must be brought by way of action under § 1983). Here, as noted, plaintiff claims he has been denied the right to a statutorily-required trial on the issue of whether his sanity has been restored. Consequently, as plaintiff does not seek immediate release, his action is properly brought under 42 U.S.C. § 1983.

Following the civil commitment of an insanity acquittee "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999) (internal quotation and citation omitted). "In short, a state cannot constitutionally confine, without more, a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends." Id. at 1141-42 (internal quotation and citation omitted). Due process thus requires periodic reviews of an insanity acquittee's mental condition in order to continue his involuntary confinement. See id. In such cases, however, due process does not require automatic periodic adversarial hearings. Hickey v. Morris, 722 F.2d 543, 549 (9th Cir. 1983). Rather, due process may be satisfied by periodic non-adversarial review procedures. See id. (finding insanity acquittees' due process interest in regular review of continued confinement satisfied by Washington statute allowing judicial review only under exceptional circumstances, while providing for health care professionals to conduct periodic reviews of acquittees' mental condition and continuing need for treatment); see also Williams v. Wallis, 734 F.2d 1434, 1437 (11th Cir. 1984) (finding Alabama statute providing for periodic non-adversarial reviews of insanity acquittees' mental condition by medical officials satisfies due process).

Under California Penal Code section 1026.2, a person found not guilty by reason of insanity may apply for release upon the ground that his sanity has been restored. Section

1026.2 provides a two-step process for such applications.

First, no earlier than 180 days from the date of the order of commitment, either the insanity acquittee or the medical director of the state hospital or other treatment facility to which the acquittee is committed may apply for release. Cal. Penal Code § 1026.2(a) & (d). Upon such application being made, the superior court must hold a hearing to determine whether the insanity acquittee would be "a danger to the health and safety of others, due to mental defect, disease, or disorder" while under supervision and treatment in the community. Id. § 1026.2(e). If the court finds the acquittee would not be a danger to the community, the court is required to place the acquittee in a conditional release program for one year. Id. § 1026(e) & (h).

Second, either upon the acquittee's completion of the one-year conditional release program or if at any time during the program the community director of the program so recommends, the court must hold a trial to determine whether the insanity acquittee has been resotred to sanity and, consequently, that unconditional release should be granted. Id. § 1026.2 (e) & (f). An insanity acquittee is entitled to a jury trial at his sanity-restoration hearing. See People v. Tilbury, 54 Cal.3d 56, 68 (1991).

If the application for release has not been made by the medical director of the state hospital or other treatment facility to which the acquittee is committed, or by the community program director where the acquittee is on outpatient status, no action on the application will be taken by the court without first obtaining the written recommendation of the medical director or community program director. Cal. Penal Code § 1026.2(l). The burden of proof at any hearing under § 1026.2 is on the insanity acquittee, who must demonstrate by a preponderance of the evidence that he is either no longer mentally ill or no longer dangerous. Id. § 1026.2(k). If the court denies the application to place the acquittee in a conditional release program, or if restoration of sanity is denied, no new application may be filed by the acquittee until one year has elapsed from the date of the denial. Id. § 1026.2(j).

In the instant action, plaintiff complains he has been denied the second hearing provided by § 1026.2, i.e., a jury trial on the question of whether his sanity has been restored.

4

Specifically, plaintiff claims the court has refused to provide him with a trial because plaintiff is not currently on conditional release, even though plaintiff recently completed four years in an outpatient program. Plaintiff contends the court's reasoning is not in accordance with the statutory language of § 1026.2, and that he is entitled to a restoration of sanity hearing because he no longer is dangerous.

Attached to plaintiff's complaint is a letter dated January 14, 2008, from Barry Collins of the Office of the Public Defender of Sonoma County. The letter appears to respond to questions from plaintiff to Collins regarding the denial of the restoration of sanity hearing at issue herein. After explaining in the letter that plaintiff's remedy is to file a writ of habeas corpus in state court, Collins further states:

> Please understand that I believe the position of CONREP [Conditional Release Program] at this time hasn't changed and that you would immediately be approved for outpatient status if you would agree to cancel Jan as your power of attorney and comply with CONREP in terms of your financial arrangements, which would once again allow you to live in your residence in Santa Rosa.
>
> I'm sure you understood the court's ruling in denying your request for a hearing for Restoration of Sanity at this time. I'm sure you also understand that once you obtain your outpatient status for 1 year, you are entitled to a court or jury trial for Restoration of Sanity.

(Compl. Ex. A.)

The Court will liberally construe plaintiff's allegations as a claim that the denial of a jury trial on the question of whether plaintiff meets the criteria for release from confinement is a violation of his due process right not to be confined without periodic review of his mental condition and dangerousness. As so construed, however, plaintiff's complaint fails to state a cognizable claim for relief. As discussed above, an insanity acquittee is not constitutionally entitled to periodic adversarial hearings on the matter of his continuing commitment. Here, plaintiff clearly has received review of his request to be provided a restoration of sanity hearing, and a determination has been made that he does not meet the criteria for such hearing because he is not currently participating in a conditional release program. Additionally, plaintiff has exercised his right to appeal that determination and has been informed that, in accordance with the provisions of § 1026.2, he may apply for another

hearing in one year.  Consequently, the Court finds plaintiff has received all the process to which he is due.

Further, to the extent plaintiff alleges the state courts wrongly determined plaintiff is not entitled to a restoration of sanity trial, such allegation also fails to state a cognizable claim for relief under 42 U.S.C. § 1983.  Specifically, a federal district court is a court of original jurisdiction and does not have subject matter jurisdiction to review state court decisions.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  Consequently, to the extent plaintiff is attempting to challenge the correctness of the state courts' decisions, no constitutionally cognizable claim is stated.

Based on the above, the complaint will be dismissed for failure to state a claim upon which relief may be granted.  As leave to amend would be futile, the dismissal will be with prejudice.

**CONCLUSION**

For the reasons stated above the Court orders as follows:

1. Plaintiff's application for leave to proceed in forma pauperis is hereby GRANTED, and no filing fee is due.

2. Plaintiff's allegations fail to state a cognizable claim for relief under 42 U.S.C. § 1983, and, accordingly, the complaint is hereby DISMISSED with prejudice.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 19, 2009

_____
MAXINE M. CHESNEY
United States District Judge