IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY C. STOCKMAN, ) No. C 09-3453 MMC (PR)
)
Plaintiff, )
) **ORDER DENYING RECONSIDERATION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**
v. )
)
EDWARD FOULK, Executive )
Director, Napa State Hospital, ) **(Docket Nos. 10, 11, 12)**
)
Defendant. )
_____)

On July 27, 2009, plaintiff, an insanity acquittee incarcerated at Napa State Hospital and proceeding pro se, filed the above titled civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges he was denied his right to a restoration of sanity trial pursuant to California Penal Code section 1026.2, and, in particular, that he was denied a restoration of sanity trial even though he met the prerequisites for such, specifically, his participation in an outpatient conditional release program for at least one year. See Cal. Pen. Code §§ 1026.2(e), (f). Plaintiff seeks injunctive relief in the form of a restoration of sanity trial to determine his eligibility for release.

On October 19, 2009, the Court dismissed the complaint without leave to amend, for failure to state a cognizable claim for relief under 42 U.S.C. § 1983. In that regard, the Court liberally construed plaintiff's allegations as a claim that the denial of a jury trial on the question of whether plaintiff met the criteria for release from confinement constituted a

violation of his due process right not to be confined without periodic review of his mental condition and dangerousness. As so construed, the Court found plaintiff failed to state a claim for relief, because plaintiff had received all of the process to which he was due. In particular, plaintiff had received review of his request to be provided a restoration of sanity hearing, a determination had been made that he did not meet the criteria for such hearing because he was not currently participating in a conditional release program, and plaintiff had appealed that determination and been informed he could apply for another hearing in one year. Further, the Court determined that, to the extent plaintiff alleged the state courts wrongly determined plaintiff was not entitled to a restoration of sanity trial, such allegation failed to state a claim for relief under § 1983 because a federal district court is a court of original jurisdiction and does not have subject matter jurisdiction to review state court decisions.

1. <u>Motion for Reconsideration</u>

Plaintiff moves for reconsideration of the Court's order of dismissal, on the ground he is attempting to challenge not only the state's application of California Penal Code § 1026.2, but also the constitutionality of said statute. Although plaintiff makes no argument herein in support of the latter assertion, a review of the instant complaint shows plaintiff, in a notice of appeal filed in the Superior Court after his petition for release from confinement was denied, argued the statute is unconstitutional because it allows an insanity acquittee's continued confinement if he is unable to prove <u>either</u> that he is no longer mentally ill <u>or</u> no longer dangerous. To the extent plaintiff's argument can be construed as one that such requirement violates due process, plaintiff is mistaken. The United States Supreme Court has held due process requires that a state not continue to confine an insanity acquittee unless he is both dangerous and mentally ill. <u>See</u> <u>Foucha v. Louisiana</u>, 504 U.S. 71, 77 (1992). Under § 1026.2, continued confinement of an insanity acquittee is allowed only if he would pose a danger due to mental disease, defect or disorder. Cal. Pen. Code § 1026.2(e). Consequently, under the statute, and in accord with <u>Foucha</u>, an insanity acquittee may be continuously confined only if he is <u>both</u> dangerous and mentally ill. <u>See</u> <u>Hartman v. Summers</u>, 878 F.

Supp. 1335, 1342 (C.D. Cal. 1995).

Based on the above, plaintiff's argument that California Penal Code § 1026.2 violates due process is without merit, and the motion for reconsideration will be denied.

2. <u>Motion for Appointment of Counsel</u>

Plaintiff moves for the appointment of counsel. As the instant action is closed and reconsideration will not be granted, plaintiff's motion will be denied.

## CONCLUSION

For the reasons stated above the Court orders as follows:

1. Plaintiff's motion for reconsideration is hereby DENIED.

2. Plaintiff's motion for the appointment of counsel is hereby DENIED.

This order terminates Docket Nos. 10, 11 and 12.

IT IS SO ORDERED.

DATED: August 3, 2010

_____
MAXINE M. CHESNEY
United States District Judge

3